UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL NIVARD BEATON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM, INC.,<br><br>　　　　　Defendant. | No. 2:20-cv-0247 TLN DB PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Paul Nivard Beaton is a prisoner proceeding in this action pro se. This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the court are plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1 & 2.) Therein, plaintiff complains about a book contract with the defendant.

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Here, plaintiff's complaint is deficient. Accordingly, for the reasons stated below, the undersigned will recommend that plaintiff's complaint be dismissed without prejudice.

**I.　Plaintiff's Application to Proceed In Forma Pauperis**

The court is required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.

2000) (en banc). Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.

"'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

(9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.     Plaintiff's Complaint

Here, plaintiff's complaint fails to contain a short and plain statement of the grounds upon which the court's jurisdiction depends. In this regard, the complaint alleges that the defendant violated the Thirteenth Amendment's prohibition against slavery by failing to abide by a book contract entered into in 2010, resulting in $2,450 in damages. (Compl. (ECF No. 1) at 3, 6.)

However, a litigant who complains of a violation of a constitutional right does not have a cause of action directly under the United States Constitution. Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (affirming that it is 42 U.S.C. § 1983 that provides a federal cause of action for the deprivation of rights secured by the United States Constitution); Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for violations of the United States Constitution); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").

42 U.S.C. § 1983 provides that,

> [e]very person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The allegations found in the complaint, however, fail to allege that the defendant acted under the color of state law. Instead, the complaint acknowledges that "Amazon is a private

3

company." (Compl. (ECF No. 1) at 3.) "'§ 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong.'" Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835 (9th Cir. 1999) (quoting American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, (1999)). And a "plaintiff can bring no independent cause of action against private parties under the Thirteenth Amendment." Del Elmer; Zachay v. Metzger, 967 F. Supp. 398, 402 (S.D. Cal. 1997).

In this regard, the undersigned finds that the complaint fails to allege a basis for subject matter jurisdiction over this action. Moreover, 42 U.S.C. § 1983 does not contain a specific statute of limitations. "Without a federal limitations period, the federal courts 'apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.'" Butler v. National Community Renaissance of California, 766 F.3d 1191, 1198 (9th Cir. 2014) (quoting Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007)); see also Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004). Before 2003, California's statute of limitations for personal injury actions was one year. See Jones, 393 F.3d at 927. Effective January 1, 2003, however, in California that limitations period became two years. See id.; Cal. Code Civ. P. § 335.1.

Here, the complaint alleges that defendant's wrongful conduct first occurred tens year prior to the commencement of this action. (Compl. (ECF No. 1) at 3.)

### III. Leave to Amend

For the reasons stated above, plaintiff's complaint should be dismissed. The undersigned has carefully considered whether plaintiff could amend the complaint to state a claim over which the court would have jurisdiction. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

////

4

Here, given the deficiencies noted above, the undersigned finds that granting plaintiff leave to amend would be futile.

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's February 3, 2020 application to proceed in forma pauperis (ECF No. 2) be denied;

2. Plaintiff's February 3, 2020 complaint (ECF No. 1) be dismissed without prejudice; and

3. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 7, 2020

/s/ DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\beaton0247.dism.f&rs

5